WELLS, Chief Judge.
In these consolidated cases Willie Brown appeals from orders denying his Florida Rule of Criminal Procedure 3.850 motion[1] in which he raised the following ten claims of ineffective assistance of trial counsel:
I. Ineffective Assistance of Counsel:
Counsel’s failure to inform and discuss with the Defendant a potential defense of an Independent Act where the evidence would have been supportive.
II. Ineffective Assistance of Counsel:
Counsel’s misadvi[c]e interfered with Defendant’s right to testify.
III. Ineffective Assistance of Counsel:
Counsel engaging in virtually no pretrial investigation, and advising Defendant not to testify, thus allowing [the] State’s version of events to go uncontradicted.
IV. Ineffective Assistance of Counsel:
Counsel’s misinformation to Defendant that a Defendant in a criminal proceeding can not be found guilty based upon circumstantial evidence, eause[d] an unintelligent rejection of the [S]tate’s plea offer.
V. Defense counsel rendered ineffective assistance by failing to properly advis[e] the defendant on his right to testify. Wherefore counsel misadvised defendant in violation of the sixth and fourteenth amendment right of the United States constitution.
VI. Prior to trial, counsel rendered ineffective assistance by failing to object [to] Kwanza Boykin’s trial testimony that Defendant had taken 40 or 50 stolen cars to her house.
VII. Counsel was ineffective for arguing in closing defendant[’s] prior contact with police, when defendant did not testify if defense counsel in closing argument would have not made the following comments. (See comments on page 1718 of the trial transcript).
VIII. Counsel was ineffective for failing to object and motion for mistrial for Williams rule violation when the jury was allowed evidence of defendants] past crimes (criminal history) bad acts, and incarceration in violation of 6th and 14th amendment u.s. [sic] Constitution.
IX. Counsel rendered ineffective assistance by failing to object to redaction of defendant’s taped confession which altered defendant’s statement, causing prejudice where jury could not hear that fact as they were told in violation of the 6th and 14th amendment of the constitution.
X. Ineffective Assistance of Counsel: Counsel’s multiple deficiencies.
Following an evidentiary hearing during which Brown’s testimony was contradicted *815 by the testimony of his prior trial counsel,[2] the court below rejected Brown’s testimony as not credible and denied claims one through seven of Brown’s motion. The trial court thereafter, with the parties’ consent, listened to over six hours of taped recordings of Brown’s conversations with the police and reviewed the transcripts of those tapes. While finding some inaccuracies in the transcriptions of those tapes, the court below concluded that the inaccuracies had no effect on the outcome of this case and rejected claims eight and nine of Brown’s motion regarding transcription errors.[3] Based on the evidence adduced at the earlier hearing, and review of the tapes and the transcription of them, the trial court denied Brown’s motion ruling that Brown was not credible; that he had failed to sustain his burden under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); that the behavior of his counsel, about which Brown complained, constituted reasonable tactical decisions; and that Brown had failed to “show the reasonable probability that [but] for counsel’s unprofessional performance the proceedings would have been different.”
Based on our review of the record, we find no error in any of the trial court’s determinations and therefore affirm denial of Brown’s motion.
Affirmed.

. The trial court issued its initial order denying relief July 26, 2010, and thereafter clarified its denial of relief with two subsequent orders, filed March 9, 2011.

. Counsel was appointed to represent, and represented, Brown at the hearing on his Rule 3.850 motion.

. Brown’s tenth claim was cumulative error requiring no ruling in light of the court’s rulings on claims one through nine.